HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON JEROME HARRIS,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. C16-5241-RBL<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>DKT. #18 |

THIS MATTER is before the Court on Petitioner Harris's Motion for Reconsideration [Dkt. #18]. Harris moved to vacate his 15-year prison sentence for being a felon-in-possession and an armed career criminal under 28 U.S.C. § 2255. *See* Dkt. ##1, 2. He argues that Judge Burgess relied upon the Armed Career Criminal Act's residual clause to conclude Harris's three prior burglary convictions constituted violent felonies, adding five years to his sentence. Because the Supreme Court in *Johnson v. United States* held that the residual clause is unconstitutionally vague, Harris asks the Court to vacate or reduce his sentence. *See* __ U.S. __, 135 S. Ct. 2551 (2015).

The Court deferred consideration of Harris's § 2255 Motion pending the Supreme Court's decision in *Mathis v. United States*, No. 15-6092. The Supreme Court will announce

whether a predicate prior conviction under the ACCA must qualify as such under the elements of the offense simpliciter, without extending the modified categorical approach to separate statutory definitional provisions that merely establish the means by which referenced elements may be satisfied rather than stating alternative elements or versions of the offense. This decision will affect whether the Court could properly reevaluate Harris's burglary convictions under the ACCA's modified categorical approach, affecting the appropriateness of his sentence term. Harris moved for reconsideration, asking the Court to rule on his § 2255 motion—to only defer his potential resentencing.

Motions for reconsideration are disfavored. The Court will ordinarily deny such motions in the absence of a showing of new legal authority or facts that could not have been brought to its attention earlier with reasonable diligence or a showing of manifest error in the prior ruling. *See* Local Rule W.D. Wash. CR 7(h)(1). The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Deciding Harris's § 2255 motion in a piecemeal manner makes little to no pragmatic sense, and deferring consideration until the Supreme Court shortly announces *Mathis* will not unduly prejudice him. Moreover, Harris has not presented new legal authority or facts or made a showing of manifest error. His Motion for Reconsideration [Dkt. #18] is DENIED.

IT IS SO ORDERED.

Dated this 3rd day of May, 2016.

*[signature: Ronald B. Leighton]*

Ronald B. Leighton
United States District Judge